CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 10 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SAMUEL HILL,<br>    Petitioner, | Civil Action No. 7:05-cv-00510 |
| v. | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA,<br>    Respondent. | By: Hon. James C. Turk<br>Senior United States District Judge |

Petitioner Samuel Hill, a federal inmate proceeding pro se, brings this action as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. Petitioner challenges the validity of his 2003 conviction and sentence for drug and firearm offenses. The respondent has filed a response to petitioner's motion and petitioner has responded, making the matter ripe for the court's consideration. Upon review of the record, the court denies petitioner's motion.

I.

A grand jury returned a four-count indictment against Hill on February 14, 2002, charging him with conspiracy to distribute crack cocaine, in violation of 21 U.S.C.A. § 841 and § 846, distribution of crack, in violation of § 841, and use or carrying of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c). On advice of counsel, Hill entered into a plea agreement whereby he pled guilty to Count 2 (distributing more than 50 grams of crack) and Count 3 (use or carrying of a firearm in relation to and in furtherance of a drug trafficking crime). In exchange for the plea, the government agreed to dismiss Count 1 (conspiracy) and Count 4 (being a felon in possession of a firearm). The agreement also included provisions by which Hill waived his right to appeal and his right to attack his conviction or his sentence collaterally by filing a motion under § 2255. Plea Agr., ¶¶ 10-11.

Hill entered his guilty plea on January 17, 2003. The court conducted a thorough Rule 11 colloquy, questioning Hill specifically about his waivers of the right to appeal and the right to attack the conviction and sentence collaterally in a § 2255 motion. In support of the charges, the government proffered evidence that law enforcement agents had made six controlled purchases

1

of crack cocaine from Hill, culminating with a "buy-bust," wherein officers arrested Hill immediately after he had sold 2.74 grams of crack to an informant. The government also proffered that three confidential informants would testify that Hill "visibly possessed and displayed a firearm while selling them crack cocaine, and that Hill admitted ownership of drugs and a firearm recovered from his home immediately after his arrest." United States v. Hill, No. 03-4356, *2 (4th Cir. 2004) (unpublished). The court found that the plea was knowing and voluntary. After a presentence report was prepared, the court conducted a sentencing hearing on April 10, 2003. Counsel unsuccessfully argued that the absence of any operable firearm at the time of arrest warranted a downward departure, but did not challenge the sufficiency of the evidence to support the firearm conviction. The court ultimately sentenced Hill to 120 months' imprisonment on the drug conviction and 60 months' imprisonment on the firearm conviction, to be served consecutively.

Counsel filed an appeal on Hill's behalf, arguing that the evidence was not sufficient to support the validity of Hill's guilty plea or the firearm conviction. By unpublished, per curiam opinion dated January 22, 2004, the United States Court of Appeals for the Fourth Circuit found that Hill had waived his right to appeal the sufficiency of the evidence based on his written plea agreement and his stipulation to the government's proffer of the evidence. Hill, supra, at *3. The court further noted,

> This is not a case where the plea could be deemed involuntary because Hill was misinformed about the elements of a § 924( c) offense, nor could it be deemed unintelligent because Hill was not on notice as to the true nature of the charge against him. To the contrary, Hill has failed to demonstrate that his plea was anything other than knowing and intelligent.

Id.

On January 26, 2004, Hill's court-appointed appellate counsel, wrote Hill a letter, advising him that the appeal had been dismissed and advising him that he had the right to file a petition for a writ of certiorari in the Supreme Court of the United States before April 21, 2004. Counsel stated that Hill should inform him "promptly" whether or not Hill wished to file for

2

certiorari. Hill states that immediately after receiving this letter, he wrote to counsel, asking counsel to file a petition for a writ of certiorari. Hill does not dispute counsel's affidavit, however, stating that counsel never received this reply letter. Hill states that he wrote several letters and called the attorney's office several times between January 29, 2004 and July 2005, seeking to learn the status of the certiorari petition. Hill's mother states that "in the years 2004 and 2005," she repeatedly called counsel's office. She states that at some point, the attorney's secretary told her the "appeal" for Hill had been filed in the Supreme Court and that the attorney would return the call, but he never did. Counsel states that the first indication he had that of Hill's desire to proceed in the Supreme Court was a letter counsel received on June 24, 2004, a month after the deadline for filing a certiorari petition had passed. Counsel did not reply to the letter.

In his § 2255 motion, signed and dated on August 6, 2005, Hill raises two claims for relief:

1. Counsel provided ineffective assistance by failing to file a petition for a writ of certiorari after petitioner so requested.
2. Counsel's ineffective assistance in erroneously advising petitioner of the elements of the §924( c) offense caused Hill's guilty plea to be unknowing and therefore invalid.

II.

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255 para 6. To survive a motion to dismiss a § 2255 motion as untimely, petitioner must demonstrate that his § 2255 motion was timely filed under one of these provisions or that he is entitled to equitable tolling. Harris v. Hutcherson, 209 F.3d 325 (4th Cir. 2000).

Hill's § 2255 motion is clearly untimely under subsection (1). Hill's conviction became final and his statutory filing period under § 2255 para. 6(1) began to run on April 21, 2004, when his time to file petition for a writ of certiorari in the Supreme Court expired. United States v. Clay, 537 U.S. 522, 525 (2003). Hill signed and dated his motion on August 6, 2005. Even considering the motion as filed on that date, see Houston v. Lack, 487 U.S. 266 (1989) (finding that petitioner's habeas appeal was considered filed on date that he delivered it to prison authorities for mailing), it clearly was not "filed" within one year of April 21, 2004 as required under subsection (1).

Hill argues that the limitation period in his case should be equitably tolled because he was misled into believing that counsel had filed a timely petition for certiorari and so did not know when the time limit to file a § 2255 motion began running. Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris, 209 F.3d at 330. Generally, a petitioner seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstances stood in his way to prevent him from filing a timely petition. See Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005); Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003).

The court cannot find under this strict standard that Hill's communication problems with counsel qualify as "extraordinary circumstances" that "prevented" him from filing his § 2255 motion on time. Letters get lost, and telephone messages get garbled, lost, or ignored. These

4

events are not unusual. When Hill did not get a reply to his first few letters to counsel, however, he had another clear option: he could have called or written directly to the Clerk's Office of the Supreme Court to find out whether a petition for a writ of certiorari had been filed on his behalf. A diligent litigant would have taken this effort to ensure that he did not lose his right to file a timely petition for a writ of certiorari. As Hill did not do so, the court cannot find that equitable tolling is warranted in this case.[1] The court will grant the motion to dismiss on this ground.

In any event, Hill waived his right to bring this action. The Fourth Circuit expressly found that Hill's guilty plea and his waiver of the right to appeal was valid. This court cannot revisit an issue already litigated and decided by the court of appeals. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). Hill is bound by his representations in court that he understood and voluntarily entered into the plea agreement, including the waiver of § 2255 rights. See United States v. LeMaster, 403 F.3d 216, 221-22 (4th Cir. 2005).

III.

For the stated reasons, the court will grant the motion to dismiss this action as untimely filed. An appropriate order shall be issued this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). If petitioner intends to appeal, petitioner must file a notice of appeal with this court within 60 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

---

[1] For similar reasons, Hill's problems with counsel cannot render his motion timely under subsections (2) or (4). As Hill could have discovered before April 21, 2004, or within a few days thereafter, that no petition for certiorari had been filed, his filing period under either of these subsections would not be significantly different than it is under subsection (1).

5

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 10th day of May, 2006.

/s/ James C. Turk
Senior United States District Judge